IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| DAVID D. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-250 |
| ) | |
| RONALD REAGAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This civil action is before the court for consideration of the "Motion to Dismiss" filed by defendants, Ronald Reagan in his individual and official capacities, James Berrong in his official capacity as Sheriff of Blount County, Tennessee, and Blount County, Tennessee, [doc. 15] and the "Motion to Dismiss" filed by defendants, Tony Crisp as Chief of Police of the Maryville, Tennessee Police Department, Ken Burge as Chief of Police of the Alcoa Police Department, the City of Maryville, Tennessee, and the City of Alcoa, Tennessee, [doc. 17]. Plaintiff has responded to both motions [docs. 20 & 21 respectively].

Plaintiff has brought suit pursuant to 42 U.S.C. § 1983 for alleged violation of his constitutional rights. He has also alleged several tort claims based on Tennessee law. Defendants contend that plaintiff's claims are barred by the applicable statute of limitations and therefore all claims should be dismissed. For the reasons stated herein, the motions will be denied.

Plaintiff alleges that on the night of June 24, 2005, he was accosted by the defendant officers who told him he had violated a traffic law and that they had a warrant for his arrest out of Knoxville, Tennessee. He also alleges that he was handcuffed, beaten and/or pushed down, and hit with a Tazer gun multiple times, and as a result suffered bone fractures of the wrist.

The statute of limitations for the federal civil rights claim brought under § 1983 is governed by the one-year limitation period of Tenn. Code Ann. § 28-3-104. *Merriweather v. City of Memphis,* 107 F.3d 396 (6th Cir. 1997). Plaintiff's state law tort claims are also subject to a one-year statute of limitations. Tenn. Code Ann. § 28-3-104 and § 29-20-305(b). Therefore, plaintiff had until June 24, 2006, to file his complaint on these claims.

On June 23, 2006, plaintiff tendered to the court his complaint and an application to proceed *in forma pauperis* [doc. 1]. The complaint that accompanied the application is stamped as received June 23, 2006. Plaintiff's application was granted on June 29, 2006, [doc. 2], and the complaint was filed on June 30, 2006, [doc. 3]. In both motions, the defendants argue that because the complaint was not filed until June 30, 2006, all the claims are barred by the applicable statutes of limitation. Based on Sixth Circuit law, defendants' argument is incorrect.

The filing of an application to proceed *in forma pauperis* tolls the statute of limitations. *Powell v. Jacor Commc'ns Corporate,* 320 F.3d 599 (6th Cir. 2003) (in the context of a diversity case); *Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998) (in the

2

context of a federal question case, Title VII). The Sixth Circuit has stated that "when a petitioner files for permission to file IFP [*in forma pauperis*], a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed IFP, even if the complaint is not formally stamped 'filed' until a later date when the IFP application is granted*.*" *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004) (citing *Dean v. Veterans Admin. Reg'l Office,* 943 F.2d 667, 671 (6th Cir. 1991) *vacated and remanded on other grounds*, 503 U.S. 902, 112 S. Ct. 1255, 117 L. Ed. 2d 486 (1992)).

The court is amazed and quite frankly rather dismayed that none of the parties cited to the court this applicable Sixth Circuit precedent. Both motions lack merit and are accordingly **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge

3