IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| DAVID D. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:06-CV-250 |
| | ) |
| RONALD REAGAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion for Partial Summary Judgment" filed by defendant Ronald Reagan in his individual capacity [doc. 46] and the "Motion for Partial Summary Judgment" filed by defendants Ronald Reagan and James Berrong, in their official capacities, and by Blount County, Tennessee [doc. 39]. Plaintiff has filed *pro se* responses to the motions [docs. 85, 86].

Plaintiff has brought suit pursuant to 42 U.S.C. § 1983 for alleged violation of his constitutional rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments claiming he was arrested without probable cause and he was denied due process.[1] For the reasons stated herein, both motions will be granted, and these claims as to the named defendants will be dismissed.

---

[1] Plaintiff also alleges in his complaint claims of excessive force during his arrest and a failure to provide him with reasonable medical care as well as several state law claims. These claims are not before the court in the two motions under consideration.

I.

*Background*

Plaintiff states in an affidavit that in the early morning hours of June 25, 2005, he was returning from work in his car. At West Howe Street he backed his vehicle into a driveway. He says his vehicle was located ten to fifteen yards off of West Howe Street. Two Blount County Sheriff's patrol cars then pulled in front of the driveway. Plaintiff states he had exited his vehicle. Officer Ronald Reagan and Officer Jeff Ledford asked him to identify himself and if he had any ID. According to plaintiff, he gave them his ID after he was harassed and intimidated by the officers. After Officer Ledford checked the status of plaintiff's driver's license, the officer told him that there were outstanding warrants out of Knoxville, Tennessee against him. Plaintiff contends that at no time during this incident was there any mention of any traffic violation which Officers Reagan and Ledford claim they saw. Plaintiff further states that he was arrested for the warrants out of Knoxville that did not exist and he was never questioned or cited for the traffic violation.[2]

The sworn affidavit of Officer Ronald Reagan tells a somewhat different story. Officer Reagan states that in the early morning of June 25, 2005, he and Blount County Deputy Sheriff Jeff Ledford were in their respective police vehicles which were stationary at an intersection in Alcoa, Tennessee. They observed the plaintiff make an illegal turn in his motor vehicle and then park at a residence. Officer Reagan and Deputy Landford

---

[2] The court observes that plaintiff's version of the facts in his affidavit varies to some degree from the verison recited in the complaint.

2

proceeded to plaintiff's vehicle, which he had exited. Plaintiff produced his driver's license as requested by Deputy Ledford who proceeded to check the status of the license. Plaintiff's license had been revoked. Officer Reagan placed plaintiff under arrest for violating Tenn. Code Ann. § 55-50-504, operating a motor vehicle while on a revoked license. After the arrest, plaintiff was found in possession of a substances Officer Reagan believed to be marijuana and cocaine. Officer Reagan also charged plaintiff with possession of a Schedule VI controlled substance in violation of Tenn. Code Ann. § 39-17-418 and possession of a Scheduled II controlled substance in violation of Tenn. Code Ann. § 39-17-417. Officer Reagan states that these are the only charges on which plaintiff was arrested on June 25, 2005.

Officer Reagan further states in his affidavit that on May 7, 2007, plaintiff, while represented by counsel, pled guilty to and was convicted of each of the state charges for which he was arrested. Certified copies of the judgments of conviction for the three state charges are attached to Officer Reagan's affidavit.

Obviously, these factual versions differ somewhat. However, the factual dispute is not material to the court's analysis of the pending motions. The questions before the court are purely legal ones for the court to decide. They do not involve factual disputes that require resolution by a jury. As will be explained below, plaintiff was arrested and pled guilty to all the charges, and in doing so he did not challenge or object to the validity of his arrest or any lack of due process. He is, therefore, as a matter of law foreclosed from raising

3

Case 3:06-cv-00250 Document 89 Filed 03/30/09 Page 3 of 9 PageID #: 314

those issues here.

## II.

### *Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)

4

Case 3:06-cv-00250   Document 89   Filed 03/30/09   Page 4 of 9   PageID #: 315

(citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

### III.

*Analysis*

The issues raised in both motions for partial summary judgment and the legal authority required to resolve those issues are the same. Therefore, the court's analysis and ultimate findings will apply to both motions.

Defendants have submitted certified copies of the judgments of conviction demonstrating that the plaintiff pled guilty to driving on a revoked license in violation of Tenn. Code Ann. § 55-50-504; possession of a schedule II drug in violation of Tenn. Code Ann. § 39-17-417; and possession of a schedule VI drug in violation of Tenn. Code Ann. § 39-17-418. They contend that plaintiff is estopped from claiming he was arrested without probable cause and that he was denied due process because he pled guilty to all the charges. The court agrees.

5

"A state court judgment must be given the same preclusive effect in federal court that it would be given in the courts of the rendering state. This principle applies to civil rights actions under section 1983 with respect to issues actually litigated (collateral estoppel or issue preclusion) and issues which could have been but were not litigated in the state court proceeding (res judicata or claim preclusion)." *Walker v. Schaeffer,* 854 F.2d 138, 142 (6th Cir. 1988) (citations omitted). However, this preclusive effect will not be given to a state court judgment if the party against whom the judgment is asserted did not have a "full and fair opportunity to litigate the claim or issue." *Fellowship of Christ Church v. Thorburn,* 758 F.2d 1140, 1144 (6th Cir. 1985).

The court looks to Tennessee law on the doctrine of collateral estoppel to determine the preclusive effect of the state court judgments. *Stemler v. City of Florence,* 126 F.3d 856, 871 (6th Cir. 1997). Pursuant to Tennessee law, "[o]nce an issue has been actually or necessarily determined by a court of competent jurisdiction, the doctrine of collateral estoppel renders that determination conclusive on the parties and their privies in subsequent litigation, even when the claims or causes of action are different." *State v. Scarbrough,* 181 S.W.3d 650, 654 (Tenn. 2005) (quoting *Gibson v. Trant,* 58 S.W.3d 103, 113 (Tenn. 2001)). The party seeking to bar an issue by collateral estoppel has the burden of proof. *Scarbrough,* 181 S.W.3d at 655 (citing *Dickerson v. Godfrey,* 825 S.W.2d 692, 695 (Tenn. 1992)).

The issue of probable cause was at issue in the state court criminal proceedings for which there are judgments of conviction. On the affidavit of complaint for each of the

6

three charges to which plaintiff pled guilty is a "Probable Cause Determination" signed by a Judge Clerk/Judicial Commissioner. The determination states, "Based on the Affidavit of Complaint, I find there is probable cause to believe that on the date set forth above in Blount County, Tennessee the defendant committed the offense(s) of violation of TCA . . . ." The box labeled "Arrest Warrant shall issue" is checked on each of the affidavits of complaint. Plaintiff was represented by counsel at the state court proceedings, and presumably with the advice of counsel determined that pleading guilty to all the charges was in his best interest. There is nothing in the record to indicate that plaintiff and his counsel did not have a full and fair opportunity to challenge the probable cause determination made by the state court officer for the three charges to which plaintiff ultimately pled guilty. Plaintiff's guilty plea and judgments of conviction collaterally estop him from asserting that he was arrested without probable cause. *Cunningham v. Sisk,* No. 1:01-CV-182, 2003 WL 23471541, *8 (E.D. Tenn. Dec. 4, 2003) (and cases cited therein); *see also Corvin v. Bice*, No. 1:05-CV-219, 2007 WL 776501, *4-5 (E.D. Tenn. Mar. 9, 2007) (plaintiff with assistance of counsel pled guilty and was collaterally estopped from relitigating issue of probable cause in § 1983 case).

> Defensive collateral estoppel is proper under Tennessee law where [the plaintiff] pleads guilty to the criminal charge and is convicted but then demands damages in civil litigation concerning precisely the same transaction by asserting that he did not commit the criminal act. Application of the doctrine of collateral estoppel prevents [the plaintiff] from repudiating his guilty plea and attacking the validity of his state-court judgment of conviction. Particularly galling is the situation where a criminal convicted on his own guilty plea seeks as plaintiff in a subsequent civil action to claim redress based on a repudiation

7

of the confession. The effrontery, or as some might say it, *chutzpah*, is too much to take. There certainly should be an estoppel in such a case.

*Cunningham*, 2003 WL 23471541, at *8 (citations omitted).

A further reason to grant summary judgment on plaintiff's probable cause claim is that plaintiff's conviction on the state law charges provides the defendants with "a complete defense to this cause of action brought under § 1983." "Where police officers have made an arrest, the resulting conviction is a defense to a § 1983 action claiming the arrest was made without probable cause." *Id.* (citing *Walker*, 854 F.2d at 143; *Cameron v. Fogarty*, 806 F.2d 380, 387 (2nd Cir. 1986); *White v. Tamlyn*, 961 F. Supp. 1047, 1055 (E.D. Mich. 1997)).

With regard to plaintiff's due process claim, there is no evidence that the state criminal proceedings did not meet the minimal standards of due process. Plaintiff was represented by counsel when he pled guilty and waived specific rights including the right to a jury trial, the right to a grand jury presentment, the right to confront and cross examine witnesses, and the right to appeal. There is nothing in this record to indicate plaintiff did not receive due process during the state court proceedings when he pled guilty to all the charges against him. For the reasons already stated above, plaintiff is estopped from claiming here that he was denied due process at his state court proceedings.

Accordingly, both motions for partial summary judgment will be granted. Plaintiff's claims for arrest without probable cause and denial of due process will be

8

dismissed as to the defendants named in these motions. An order consistent with this opinion will be entered.

ENTER:

Leon Jordan
United States District Judge