UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID D. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-250 |
| ) | (JORDAN/SHIRLEY) |
| RONALD REAGAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 113] of the Honorable Leon R. Jordan, United States District Judge, for the disposition of the *pro se* Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.[1] [Doc. 110]. The Plaintiff seeks leave of the Court to proceed *in forma pauperis* on his appeal to the United States Court of Appeals for the Sixth Circuit to address the District Court's Order [Doc. 118] granting the Defendant Reagan's Motion for Summary Judgment [Doc. 93] and dismissing this action.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides, in pertinent part, that:

> a party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court – before or after the notice appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a)(3); see also 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma

---

[1] The application filed by the Plaintiff with his Notice of Appeal is entitled "Application to Proceed in District Court Without Prepaying Fees or Costs," [Doc. 110]. While this title does not indicate the application relates to the Plaintiff's desire to appeal, the timing of the filing indicates that this *in forma pauperis* application is meant to apply to the Plaintiff's proposed appeal.

pauperis if the trial court certifies in writing that it is not taken in good faith."). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. Coppedge v. United States, 369 U.S. 438, 445-46 (1962). Thus, the issue is whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.

In his motion/application [Doc. 110], the Plaintiff has again demonstrated to the Court that he is impoverished. Further, after reviewing the pertinent filings in this matter, the Court finds that an appeal can be taken in good faith in this case, and accordingly, the Court **RECOMMENDS**[2] that the motion **[Doc. 110]** be **GRANTED**.

Respectfully Submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).